IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MACK on behalf of himself and others similarly situated, <br>     Plaintiff, <br><br>     v. <br><br> VIKING CLIENT SERVICES, INC. f/k/a VIKING COLLECTION SERVICES, INC., <br>     Defendant. | ) <br> )    1:12-cv-4574 <br> ) <br> ) <br> )    JURY DEMANDED <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

## CLASS ACTION

1. Plaintiff David Mack brings this action against Viking Client Services, Inc., formerly known as Viking Collection Services, Inc. ("Viking") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

2. The defendant debt collection agency called plaintiff with respect to a debt it knew or should have known was not that of plaintiff, using an automatic telephone dialing system.

## JURISDICTION AND VENUE

3. The Court has federal question jurisdiction over the FDCPA and TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012).

4. Venue is proper because a substantial portion of the events complained of occurred in this District.

1

**PARTIES**

5. Plaintiff is an individual who resides in this District. Plaintiff's cellular telephone number is 773-xxx-9181.

6. Viking is a debt collection agency located in Minneapolis, Minnesota and Phoenix, Arizona.

**FACTS**

7. The TCPA prohibits the use of "automatic telephone dialing systems" to call cellular telephones.

8. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011) (emphasis original).

9. According to its sworn autodialer application with the Texas Utility Commission, Viking uses Diallogic predictive dialing equipment.

10. Viking used an automatic telephone dialing system to call plaintiff and the class, in violation of the TCPA. It also may have employed an artificial or prerecorded voice for some or all such calls.

11. Upon information and belief, defendant obtained plaintiff's cellular telephone number through a "skip trace" or other similar service.

12. Defendant did not obtain plaintiff's cellular telephone number from plaintiff, as to the debt it was collecting. *Soppet v. Enhanced Recovery Company, Inc.*, - F.3d ----, 2012 WL 1650485 (7th Cir. May 11, 2012).

13. After one of defendant's calls to plaintiff's cell phone, plaintiff called Viking back. Plaintiff asked why defendant was calling, and a representative of Viking lied to plaintiff about the purpose of her calls.

14. Plaintiff and the class have been substantially damaged by defendant's illegal calls.

15. Plaintiff and the class members' privacy was invaded, they were forced to use minutes from their cellular telephone plans and were therefore "charged" for the calls, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Doc. 02-278, 18 FCC Rcd. 14014, 14114, paragraph 165 (July 3, 2003), and they were annoyed and forced to spend time dealing with the illegal calls.

# COUNT I – TCPA

16. Plaintiff incorporates all previous paragraphs of this complaint.

17. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

18. Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system.

19. The defendant's calls were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

## Class Allegations

20. Plaintiff brings Count I on behalf of a class, which consists of:

All persons with Illinois who defendant or some person on its behalf called on their cell phone using equipment that had the capacity to dial numbers without human

intervention, where defendant obtained the phone number from some source other than directly from the called party with respect to the alleged debt being collected, where any call was made between and including a date four years prior to the filing of this action.

21. Upon information and belief, based upon industry practices, defendant called more than 1,000 Illinois phone numbers during 2010, where defendant obtained the cell phone number through a skip trace, caller ID ("ANI") or from some source other than from the called party with respect to the alleged debt being collected.

22. Upon information and belief, more than 40 of the above phone numbers were cellular telephone numbers.

23. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether defendant used an automatic telephone dialing system as that term us defined in the TCPA and applicable FCC regulations and orders;

    b. Whether obtaining a cellular telephone number through a skip trace, or means other than directly from the debtor, constitutes "prior express consent" for defendant to call that number using an automatic telephone dialing system; and

    c. Damages, including whether the violation was willful.

24. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

25. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

26. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

27. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

28. The identity of the class is likely readily identifiable from defendant's records.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendant that provides the following relief:

    a. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

    b.    A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message; and

    c.    Any other relief the Court finds just and proper.

## **COUNT II – FDCPA**

30. Plaintiff incorporates all previous paragraphs of this complaint.

31. Defendant lied to plaintiff during a telephone conversation that happened within one year of filing of this complaint. It lied about the purpose of its call. The representative acted like she knew plaintiff personally. This was a violation of 15 U.S.C. §§ 1692e and 1692f.

32. Upon information and belief, defendant had location information for the true debtor. Thus, Viking had no legitimate reason to call plaintiff, and its calls therefore violated 15 U.S.C. §§ 1692d, 1692e and 1692f.

33. Furthermore, the conversation between plaintiff and Viking did not comply the requirements of section 1692b, and defendant therefore also violated 15 U.S.C. §1692c(b). *Thomas v. Consumer Adjustment Co., Inc.*, 579 F. Supp.2d 1290, 1298 (E.D.Mo. 2008).

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself against defendant that provides the following relief:

    a. Statutory damages;

    b. Attorney's fees and costs of suit; and

    c. Any other relief the Court finds just and appropriate.

                                                Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

    Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                            /s/Alexander H. Burke